UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MONA MURILLO,<br>CDCR #P-43503,<br><br>                              Plaintiff,<br><br>vs.<br><br>A. RAMOS; UBANO; COWART; BANUELOS; WARDEN, Richard J. Donovan Correctional Facility,<br><br>                              Defendants. | Case No.:  22-cv-548-MMA (AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>[Doc. No. 11] |

Plaintiff R. Mona Murillo ("Murillo" or "Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* in this case brought pursuant to 42 U.S.C. § 1983.  *See* Doc. Nos. 1, 6.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP").  *See* Doc. No. 11.  A CDCR Inmate Statement Report, along with a prison trust account certificate calculating her 6-month average monthly account balance and deposit was filed on April 21, 2022, and Plaintiff filed an updated trust account certificate on July 25, 2022.  *See* Doc. Nos. 3, 11.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996, "indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While her civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th

---

[1] For civil cases like this one, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether her case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2. It must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of her Motion, Plaintiff has submitted a copy of her CDCR Inmate Statement Report. *See* Doc. No. 11. In addition, the required prison certificate authorized by a RJD accounting official has been filed. *See* Doc. No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these documents do *not* demonstrate she is "unable to pay" the $402 civil filing fee. *See* 28 U.S.C. § 1915(a). Instead, Plaintiff's submissions show she has carried an average monthly deposits of $1766.27 in her trust account over the last six months, and that she had an available balance of $1051.32 to her credit at the time of filing. *See* Doc. No. 3 at 1; Doc. No. 11 at 6. Thus, because the Court finds Plaintiff is able pay the full $402 civil filing fee required to commence a civil action, her Motion to Proceed IFP must be **DENIED**.

## II. CONCLUSION

As discussed above, the Court **DENIES** Plaintiff's Motion to Proceed IFP because the filings demonstrate she is able to pay the $402 filing fee in full. Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.

Plaintiff may re-open this case by submitting the full $402 filing fee by **September 2, 2022**.[2] If she chooses this course, Plaintiff must ensure her check is submitted and made payable to the Clerk of the Court, U.S. District Court, Southern District of California, and include reference to Civil Case No. 3:22-cv-00548-MMA-AGS.

If Plaintiff does *not* submit the full $402 filing fee in one lump sum on or before **September 2, 2022**, the case will remain dismissed without prejudice based on her failure to pay the required filing fee and without any further Order of the Court.

**IT IS SO ORDERED**.

Dated: July 28, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiff is cautioned that should she elect to re-open this case by paying the full $402 civil filing fee, her Complaint will still be subject to the mandatory initial screening required by 28 U.S.C. § 1915A. Also enacted as part of the PLRA, § 1915A requires the Court to "review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*, subd. (b)(1), (2). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).