UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MONA MURILLO,<br>CDCR #P-43503,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>A. RAMOS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:22-cv-548-MMA (AGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 13] |

On April 22, 2022, Plaintiff attempted to file a Complaint pursuant to 42 U.S.C. § 1983, but the Court struck the pleading for failure to comply with General Order 653A. *See* Doc. Nos. 1, 2.  Plaintiff later properly filed a First Amended Complaint on May 12, 2022.  *See* Doc. No. 6.  Plaintiff was granted until August 31, 2022, to either pay the required initial civil filing fee of $402 or file a Motion to Proceed In Forma Pauperis ("IFP").  *See* Doc. No. 10.

On July 25, 2022, Plaintiff filed a Motion to Proceed IFP.  *See* Doc. No. 11.  The Court denied Plaintiff's motion, finding that Plaintiff had sufficient funds to pay the initial civil filing fee (the "IFP Order").  *See* Doc. No. 12 at 4.  Plaintiff was given the opportunity to pay the $402 initial filing fee by September 2, 2022, but instead, Plaintiff has filed a Motion for Reconsideration of the Court's IFP Order.  *See* Doc. No. 13.

# DISCUSSION

## A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) does permit motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## B. Analysis

In Plaintiff's Motion for Reconsideration, which is timely filed pursuant to S.D. Cal. CivLR 7.1(i)(2), she seeks reconsideration of the Court's denial of her IFP motion. *See* Doc. No. 13 at 1. Specifically, Plaintiff indicates that she really is indigent and if she had to pay the $402 filing fee "she could not afford the necessities of life." *Id.* She further states that if the Court "does not want to grant full [IFP] status" that she is willing

to make an initial partial payment of $125.00. *Id.* at 4.

In 1996, Congress enacted the Prison Litigation Reform Act (PLRA") that, among other measures, "required prisoners to pay filing fees for the suits or appeals they launch." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016). The relevant provisions on fee payment, set forth in § 1915(b), reads:

> (1) . . . [I]f a prisoner brings a civil action or files an appeal in forma pauperis, *the prisoner shall be required to pay the full amount of a filing fee*. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* (citing 28 U.S.C. § 1915(b)(1), (2) (emphasis added)).

The statutory language of 28 U.S.C. § 1915 *requires* the Court to assess a partial initial payment if the Court determines that a plaintiff can proceed IFP. As set forth above, the initial partial filing fee must be calculated by assessing 20 percent of whatever is greater, the average monthly deposits or the average monthly balance in a prisoner's account over a six-month period. *See* 28 U.S.C. § 1915(b)(1)(A); 28 U.S.C. § 1915(b)(1)(B).

Here, the information before the Court demonstrated that Plaintiff had $1766.27 in average monthly deposits for the six months prior to filing this action. *See* Doc. No. 3 at 1. Using the required calculation to assess 20 percent of this amount, the Court would

have been required to impose an initial partial filing fee of $353.25.[1]  In addition, Plaintiff had a balance of $1429.02 at the time this assessment was calculated, which demonstrated that she had the ability to pay it.  The statute gives no discretion to the Court to accept a lower amount as suggested by Plaintiff.  However, to the extent that Plaintiff indicates that her financial status has changed since filing this action, the Court will permit her to file a renewed Motion to Proceed IFP one final time.  If Plaintiff chooses to file a renewed motion which is granted by the Court, she is cautioned that if the assessment of the initial partial filing fee is still $350.00 or more, she will have the entire $350.00 statutory filing fee garnished.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration.

The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open the case by either: (a) prepaying the entire $402 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, *which includes a prison certificate signed by a RJD trust accounting official attesting to Plaintiff's trust account balances and deposits, and a certified copy of Plaintiff's most current CDCR Inmate Statement Report* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."

If Plaintiff neither pays the $402 civil filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP with a certified copy of her 6-month trust

---

[1] Plaintiff's actual assessment is calculated to be $353.52.  However, this assessment exceeds the statutory amount of $350, in addition to which there is a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). However, the $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

account statements within 45 days, a final judgment of dismissal will be entered.

**IT IS SO ORDERED**.

Dated:  August 25, 2022

*Michael M. Anello*

HON. MICHAEL M. ANELLO
United States District Judge