UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. MONA MURILLO, CDCR #P-43503,<br><br>         Plaintiff,<br><br>vs.<br><br>A. RAMOS, et al.,<br><br>         Defendants. | Case No.: 22-cv-548-MMA (AGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 15]<br><br>**DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND**<br><br>**DENYING MOTION REQUESTING COURT TO ORDER RJD/CDCR TO PROVIDE INMATE TRUST ACCOUNT REPORT AS MOOT**<br><br>[Doc. No. 16] |

  R. Mona Murillo ("Plaintiff" or "Murillo"), currently incarcerated at the Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. No. 1 ("Compl."). This pleading was initially rejected by the Court for failure to comply with General Order 653A, *see* Doc. No. 2, but the Court later permitted Plaintiff to file a First Amended

Complaint ("FAC"). Doc. No. 6. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, she filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 11. On July 28, 2022, the Court denied Plaintiff's Motion to Proceed IFP because Plaintiff's trust account statements indicated that she had sufficient funds to pay the $402 filing fee in full. Doc. No. 12. Plaintiff was given until September 2, 2022, to pay the initial civil filing fee in order to re-open this action. *See id.*

Instead of paying the initial civil filing fee, Plaintiff has filed a renewed Motion to Proceed IFP, along with a "Motion Requesting the Court to Order RJD/CDCR to provide an Inmate Trust Account Report." Doc. Nos. 15, 16. The Court **DENIES** Plaintiff's Motion as moot in light of the filing of her current trust account statement on September 20, 2022. Doc. No. 17.

## I. R<small>EQUEST TO</small> P<small>ROCEED</small> I<small>N</small> F<small>ORMA</small> P<small>AUPERIS</small>

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether her action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

---

[1] For civil cases filed after December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

"certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of her request to proceed IFP, Plaintiff's prison certificate authorized by an RJD accounting official and a copy of her CDCR Inmate Statement Report has, once again, been submitted. *See* Doc. No. 17; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that for the preceding six months, Plaintiff carried an average monthly balance of $2,302.06 and average monthly deposits of $418.99. *See* Doc. No. 17. The balance in Plaintiff's trust account as of September 20, 2022, was $2,312.41. *Id.* Plaintiff, once again, has not shown the indigence required to proceed IFP. Therefore, because Plaintiff is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**. This is Plaintiff's second Motion to Proceed IFP and in this filing, Plaintiff has more funds than she did when she filed her first Motion to Proceed IFP. No further Motions to Proceed IFP will be considered in this matter. If Plaintiff does not pay the initial civil filing fee within the time set forth below, the Court will enter a final order dismissing this action for failure to pay the initial civil filing fee and for failure to comply with the Court's Order.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Court Order **as moot** (Doc. No. 16), **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 15), and

1 | **DISMISSES** this action without prejudice for failure to pay the full statutory and
2 | administrative $402 civil filing fee required by 28 U.S.C. § 1914(a).  Plaintiff is granted
3 | forty-five (45) days leave from the date this Order is "Filed" in which to pay the $402
4 | initial civil filing fee.
5 |     **IT IS SO ORDERED**.
6 | Dated:  November 15, 2022

                        *[signature]*

                        HON. MICHAEL M. ANELLO
                        United States District Judge