UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA SALCIDA MURILLO,<br><br>                                    Plaintiff,<br><br>v.<br><br>A. RAMOS, *et al.*,<br><br>                                    Defendants. | Case No.: 3:22-cv-00548-TWR-AHG<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION FOR BRIEFING SCHEDULE AND ACKNOWLEDGMENT; and**<br><br>**(2) DENYING AS MOOT MOTION FOR ORDER RE DISCOVERY**<br><br>[ECF Nos. 50, 51] |

This matter comes before the Court following the Case Management Conference ("CMC") held on May 24, 2023. ECF No. 65. During the conference, the Court discussed two of Plaintiff's pending motions: (1) Plaintiff's Motion for the Court to Issue a Briefing Schedule and for an Order Confirming that Plaintiff Completed Service ("Motion for Case Schedule") (ECF No. 50); and (2) Plaintiff's Motion for Court Order Directing Defendants CDCR and RJD Warden to Preserve Body-Worn Audio/Video and Specific Surveillance Video ("Motion for Discovery") (ECF No. 51). For the reasons explained during the CMC and memorialized below, both motions shall be **DENIED as moot**.

As discussed in the Court's Order setting the CMC (ECF No. 56), in the Motion for Case Schedule, Plaintiff requested that the Court issue a "briefing schedule, so that dates are set" and asks that the schedule "indicate[] if discovery is open and what would be cut-off dates." ECF No. 50 at 1. The Court construed this motion as a request that the Court issue a Scheduling Order pursuant to Rule 16.1(d)(2) of the Civil Local Rules, setting forth a discovery schedule and other pretrial deadlines. During the CMC, the Court determined that it is premature to set a case schedule before Defendants have yet responded to Plaintiff's Second Amended Complaint ("SAC"). Nonetheless, because the Court is concerned about the age of the case, and further understands from discussions at the CMC that any future motion to dismiss Plaintiff's SAC filed by Defendants will likely only seek partial dismissal of Plaintiff's claims,[1] the Court finds it appropriate to set an Early Neutral Evaluation ("ENE") after Defendants have responded to the SAC. If no settlement is reached at the ENE, the Court will hold another CMC at that time to set a case schedule.

Additionally, as discussed in the Court's Order setting the CMC, the other relief sought in Plaintiff's Motion for Case Schedule—i.e., for an order "confirming that Plaintiff

---

[1] The Court acknowledges that Defendants are not bound by this representation and are free to seek full dismissal of the SAC or file an Answer if they deem either alternative response to be appropriate upon further review of the SAC. In any event, the Court finds it premature to set a case schedule before Defendants have responded in any way to the SAC.

completed service, or that the Court issue a[n] order as to which Defendants have been properly served and which ones the Plaintiff must still [serve]"—is now moot in light of the executed waivers of service filed by all Defendants in this case. ECF No. 56 at 2 n.1. *See also* ECF Nos. 38, 39, 40, 41, 42. Therefore, the Motion for Case Schedule (ECF No. 50) is **DENIED as moot** in its entirety.[2]

Turning to the Motion for Discovery (ECF No. 51), Plaintiff confirmed during the CMC that the only video and audio footage sought by way of that motion is footage pertaining to personal service on certain Defendants in this case on March 18, April 1, and April 4, 2023. Plaintiff sought such footage merely to prove Defendants had been personally served. Again, although the question of whether Defendants must reimburse Plaintiff for costs of service is a life issue, the question of whether personal service was completed on Defendants is now moot. Plaintiff agreed during the CMC that the motion is moot at this juncture and offered to withdraw it, but she wishes to reserve the right to seek such footage later if necessary. Rather than requiring Plaintiff to withdraw the motion, the Court instead **DENIES** the Motion for Discovery (ECF No. 51) **as moot**, without prejudice to refiling. Plaintiff may file another motion seeking the same footage if she believes it is relevant and necessary in the future.

**IT IS SO ORDERED.**

Dated: May 25, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] As discussed during the CMC, the question of whether Defendants *timely* returned waivers remains at issue, and will be decided in a forthcoming Order on Plaintiff's Motion to Have Defendants Bear Cost of Service for Failure to Waive (ECF No. 32).