UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA SALCIDA MURILLO,<br><br>                              Plaintiff,<br><br>v.<br><br>A. RAMOS, *et al.*,<br><br>                              Defendants. | Case No.:  3:22-cv-00548-TWR-AHG<br><br>**ORDER GRANTING MOTION FOR DEFENDANTS TO BEAR COSTS OF SERVICE**<br><br>[ECF No. 32] |

Before the Court is Plaintiff's Motion to Have Defendants Bear Cost of Service, for Failure to Waive Service Under F.R.C.P. Rule 4 (ECF No. 32) (the "Motion for Costs"), filed on March 24, 2023. Plaintiff brings the Motion for Costs pursuant to Fed. R. Civ. P. 4(d)(2), asking that the Court order Defendants to bear the cost of service due to their failure to timely return executed waivers of service. For the reasons that follow, the motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

The relevant procedural history is as follows: On July 28, 2022, the Court denied Plaintiff's second motion to proceed *in forma pauperis* ("IFP") in this action, dismissed the action without prejudice, and required Plaintiff to pay the full $402 filing fee in order to reopen the case. ECF No. 12. Plaintiff first challenged the Court's ruling by filing a Motion for Reconsideration (ECF No. 13), which was denied on August 25, 2022 (ECF No. 14). Plaintiff tried twice more to seek leave to proceed IFP (ECF Nos. 15, 20), but the Court rejected these attempts and ordered that no further motions to proceed IFP would be considered. ECF Nos. 19, 21. Plaintiff ultimately paid the filing fee on January 30, 2023, and the case was reopened. ECF No. 25. On February 2, 2023, the Court screened Plaintiff's operative First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915A and found that Plaintiff's FAC contained Eighth Amendment and Americans with Disabilities Act claims sufficient to survive screening. ECF No. 26. Because Plaintiff was not granted leave to proceed IFP,[1] the Court ordered Plaintiff to execute service upon each Defendant "either by filing with the Clerk of the Court an executed waiver on behalf of each Defendant, or by filing proof of personal service of both the FAC and summons upon

---

[1] Rule 4(c)(3) provides that the Court "must" order service by the U.S. Marshal Service if a plaintiff is authorized to proceed IFP. Because the vast majority of *pro se* incarcerated plaintiffs qualify for IFP status on the basis of their indigence, service is usually executed by the Marshal Service in such cases as a matter of course.

1  each Defendant pursuant to Fed. R. Civ. P. 4(l) should that Defendant fail to sign and return
2  her properly requested waiver." *Id.* at 4-5.

3        On March 6, 2023, Plaintiff filed a Motion for U.S. Marshal Service (ECF No. 29),
4  requesting that the Court direct the U.S. Marshal Service to serve the summons and FAC
5  on Defendants notwithstanding Plaintiff's failure to qualify for IFP status. However, before
6  the Court could address the request that service be executed by the U.S. Marshal Service,
7  on March 24, 2023, Plaintiff filed the instant Motion for Costs. ECF No. 32. In the Motion
8  for Costs, Plaintiff asserts that she served Defendants by several means on February 10,
9  February 13, and February 16, 2023. Specifically, Plaintiff alleges: (1) on February 10,
10 2023, she served each Defendant with a waiver request, a copy of the summons, civil cover
11 sheet, and complaint, and a pre-stamped, pre-addressed envelope, using "RJD-CDCR
12 interdepartment mail," (2) on February 13, 2023, Plaintiff again sent copies of the waiver
13 requests, summonses, civil cover sheet and complaint, and prepaid envelopes for each
14 named Defendant to the prison litigation officer, and (3) on February 16, 2023, Plaintiff
15 sent a third set of copies of the waiver forms, summonses, and complaint to all named
16 Defendants through "CDCR Legal Register Mail." *Id.* at 1-2.

17       On April 11, 2023, Plaintiff filed: (1) a Declaration from Jerome Webb, a fellow
18 inmate, regarding service by mail on all Defendants as well as personal service on
19 Defendant Cowart (ECF No. 36) ("Webb Declaration"); (2) a Declaration from Plaintiff
20 regarding service by mail on all Defendants, personal service on Defendants Cowart and
21 Banuelos by Jerome Webb, personal service on Defendant A. Ramos by William Hearn,
22 and personal service on Defendant Cowart by John Angel Salcida (ECF No. 37)
23 ("Plaintiff's Declaration"); (3) a proof of service regarding Defendant A. Ramos (ECF No.
24 34), indicating that fellow inmate William Hearn personally served A. Ramos on April 1,
25 2023; (4) a proof of service regarding Defendant Cowart (ECF No. 35), indicating that
26 fellow inmate John Angel Salcida personally served Defendant Coward on April 4, 2023.
27
28

On April 17, 2023, the Court received executed waivers of service from each Defendant via the U.S. Marshal Service, which were dated April 5, 2023 and received by the U.S. Marshal Service on April 6, 2023. *See* ECF Nos. 38, 39, 40, 41, 42.

**II.     LEGAL STANDARD**

Rule 4(e) of the Federal Rules of Civil Procedure provides that service may be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, by delivering a copy of the summons and complaint to the defendant personally, or by delivering a copy of each to an agent authorized by law to receive service of process. Fed. R. Civ. P. 4(e). Under Rule 4(d), a defendant subject to service under Rule 4(e) "has a duty to avoid unnecessary expenses of serving the summons." Therefore, a defendant who fails, "without good cause," to sign and return a waiver requested by a plaintiff must pay the expenses later incurred by the plaintiff in making service. Fed. R. Civ. P. 4(e)(1)-(2). Rule 4(d) also sets forth the requirements for a plaintiff's notice and request for waiver. The notice and request must:

   (A)   be in writing and be addressed:
            (i)    to the individual defendant; or
            (ii)   for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
   (B)   name the court where the complaint was filed;
   (C)   be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
   (D)   inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
   (E)   state the date when the request is sent;
   (F)   give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and
   (G)   be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(A)-(G).

Although service of a summons and complaint by mail is effective under California law and is thus effective in this judicial district pursuant to Federal Rule 4(e), such service is only "deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Therefore, absent written acknowledgment of receipt of summons (such as an executed waiver of service), service by mail is not effective in California. State law provides the recipient 20 days to provide written acknowledgement of receipt of summons; otherwise, service by mail is not considered complete and the party to whom the summons was mailed "shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method . . . and, except for good cause shown, the court in which the action is pending, upon motion, with or without notice, shall award the party such expenses[.]" *Id.* § 415.30(d). This provision mirrors the waiver provision under Rule 4(d) of the Federal Rules, which, as discussed, also requires a defendant to timely sign and return a waiver requested by a plaintiff or else the Court "must impose" on the defendant "the expenses later incurred in making service[.]" Fed. R. Civ. P. 4(d)(2)(A). The Federal Rules, however, provide that a waiver request must "give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver[.]" Fed. R. Civ. P. 4(d)(1)(F).

### III.  DISCUSSION

Plaintiff asserts that Jerome Webb charged Plaintiff $80.00 for acting as a process server to effect personal service on both Defendant A. Ramos and Defendant A. Cowart, and William Hearn charged Plaintiff $25.00 for acting as a process server to effect service on Defendant Banuelos. *See* ECF Nos. 31, 35, 36, 53.[2] Additionally, Jerome Webb has

---

[2] John Angel Salcida did not charge Plaintiff. *See* ECF No. 35. Additionally, in a previous Order, the Court stated that Jerome Webb charged Plaintiff only $40.00 for acting as a process server. ECF No. 44 at 2. Plaintiff requested that the Court correct the Order to reflect that Jerome Webb charged a total of $80.00 for service on two different Defendants.

charged Plaintiff $50.00 for postage and mailing of documents. ECF No. 53, Webb Decl. ¶ 6. Therefore, the total costs of service allegedly incurred by Plaintiff is $155.00.³

Defendants argue that they should not be required to reimburse Plaintiff for the costs of personal service pursuant to Rule 4(d), because, by its plain terms, the provision "does not apply when a defendant has signed and returned a waiver of service." ECF No. 52 at 5-6. Thus, because Defendants returned signed waivers to the United States Marshal Service, they contend that the provision should not apply to them at all. *Id.* Additionally, Defendants argue that to the extent Plaintiff argues they failed to *timely* return signed waivers, the Court should reject such claim, because they returned signed waivers on April 5, 2023, less than 30 days after accepting the waiver requests mailed by Plaintiff through Mr. Webb on March 6 and March 12, respectively. Lastly, Defendants contend that

---

ECF No. 53. That request is hereby **GRANTED**, and this Order reflects the corrected amount.

³ In her Reply, Plaintiff updates the requested service costs amount to $191.92. ECF No. 62 at 3. The Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 493 F.3d 990, 997 (9th Cir. 2007). *But see Backcountry Against Dumps v. Chu*, 215 F. Supp. 3d 966, 975 (S.D. Cal. 2015) (noting that the decision to consider arguments or facts raised in a reply brief is "to some degree, at the discretion of the trial court" and deciding to consider further evidence where the opposing party was "given the opportunity to respond to the facts asserted in the declarations."). In its discretion, the Court will not consider the higher cost amount sought by Plaintiff in her Reply, in the interest of fairness to Defendants. Not only did Defendants have no opportunity to respond to the new number raised in Plaintiff's Reply, but Plaintiff's reporting of service costs has been inconsistent generally. For example, Plaintiff states in her Declaration that she charged Mr. Webb $40.00 to serve Defendant Banuelos but only $30.00 to serve Defendant Cowart. ECF No. 37, Plaintiff Decl. ¶ 14. But Mr. Webb states in his Declaration that he charged Plaintiff "close to $80.00 for the actual service of hand delivery . . . [and] $50.00 for postage and mailing of documents." ECF No. 36, Webb Decl. ¶ 6. And, as noted, Plaintiff stated in her request for correction that Mr. Webb charged $40.00 for personal service on each Defendant. ECF No. 53. Thus, the Court has already afforded Plaintiff some leeway by setting her requested cost amount at $155.00.

Plaintiff has not established that she actually and substantially complied with the Rule 4(d)(1) requirements for waiver requests prior to incurring the costs of personal service, because she did not establish that the prison's interdepartmental mail is a "reliable means" to effect service, indicate that she addressed the notice and waiver requests to the individual defendants, or state that she included the requisite information regarding the consequences of waiving service. *Id.* at 6-8.

The Court finds that Plaintiff substantially complied with the requirements of Rule 4(d)(1) to serve Defendants by mail before effecting personal service. First, Plaintiff established she served Defendants by a reliable means. In Plaintiff's Declaration, she states that on February 13, 2023, she served "Vincent See Prison Litigation Officer and Service Agent (Agent of Service) for RJD employees and for all named defendants" with "(1) waiver of service, (2) summons, (3) cover civil sheet [sic], (4) complaint, to be served or hand [delivered] to Defendants (1) A. Ramos, (2) Ubano, (3) Sgt. Cowart, (4) Sgt. Banuelos, (5) RJD-Warden, with extra copies and prepaid envelopes for the return of waiver of service." ECF No. 37 ¶ 1. She further states that the following day, on February 14, she used the interdepartment legal mail system to serve "RJD Warden Raymond Madden [] a: (1) waiver of service and extra waiver of service with a pre-paid postage envelope, (2) summons and complaints, (3) civil cover sheet, for himself and a copy of each of the Defendants." *Id.* ¶ 2. In the Webb Declaration, Mr. Webb states that at the request of Plaintiff, he completed service by mail on each named Defendant A. Ramos, Ubano, Cowart, Banuelos, and "RJD Warden" and CDCR on February 16, 2023, by mailing legal envelopes containing waivers of service with prepaid envelopes and a copy of the summons and FAC to each Defendant, addressed to "Vincent See Agent of Service/Prison Litigation Officer[,]" and that "Officer Maciel" sealed and signed the envelope and deposited it in the RJD/CDCR interdepartment mail. ECF No. 36 ¶ 1. Plaintiff states the same in her Declaration. ECF No. 37 ¶ 3. On March 5, 2023, Plaintiff asked fellow inmate John Salcida to hand "Officer Madrigal" a legal envelope containing "(1) waiver of service, (2) summons, (3) complaint, and (4) civil case cover, to be served

directly to" each named Defendant, "by CCI – Vincent See – Prison Litigation Officer and Agent of Service." *Id.* ¶ 4. Plaintiff states that the officer signed the sealed envelope and processed it by interdepartment mail. *Id.* The next day, on March 6, Plaintiff mailed waivers of service, prepaid envelopes, and copies of the summons and complaint with the civil cover sheet to the CDCR Office of Legal Affairs, providing two copies of each. *Id.* ¶ 6.

Plaintiff also provided copies of three waiver requests dated February 13, 2023 to her Reply brief on the Motion for Costs—one addressed to Defendant Warden Raymond Madden,[4] one addressed to Defendant A. Ramos, and one addressed to Defendant Banuelos. *See* ECF No. 62 at 6-9. The waiver requests are on the standard form, which advises the recipient of the consequences of waiving and not waiving service. *Id.* On each of these waiver requests, Plaintiff specified a return date of 30 days from the date of the request, or March 15, 2023. *Id.*

Defendants confirm that they received the copies of the summons and complaint that were mailed to the CDCR Office of Legal Affairs on March 6, 2023, which the Office received on March 13, 2023. ECF No. 52 at 2. Defendants further state that the Office of Legal Affairs received waiver requests and copies of the summons and FAC directed to Defendants Urbano, Ramos, and CDCR on March 17, and another set of waiver requests directed to Defendants Ramos, Urbano, Banuelos, Cowart, and Madden on March 22. *Id.* at 2-3. Plaintiff mailed all of these documents on or about March 12, 2023. *Id.* Defendants attached copies of all these documents to their Response. ECF No. 52-1.

The Court finds that Plaintiff's service of the waiver requests and copies of the summons and FAC on the prison litigation coordinator at RJD on February 13 was a reliable means by which to serve the individual Defendants. Indeed, the Office of Legal Affairs forwarded the very same waiver requests to the prison litigation coordinator

---

[4] Plaintiff attached two copies of the February 13 waiver request addressed to Defendant Madden. ECF No. 62 at 6, 9.

Vincent McSee on March 24, 2023, who accepted service on behalf of the individual Defendants on March 30. ECF No. 52 at 4; ECF No. 52-1 at 126. Mr. McSee is the same prison litigation coordinator whom Plaintiff served with the copies of the waiver requests, summons, and FAC on February 13 and March 5, 2023. ECF No. 37 ¶ 1.

Additionally, upon review of the copies of waiver requests provided to the Court by both Plaintiff and Defendants, the Court finds the contents of the waiver requests comply with the requirements of Rule 4(d)(1)(A)-(F). *See* ECF No. 52-1; ECF No. 62 at 6-9. The waiver requests all include the requisite information regarding the consequences of waiving and not waiving service. Although Defendants argue that Plaintiff has not established that she addressed the notice and requests to the individual defendants, the Court finds this argument does not defeat a finding of substantial compliance. The two separate envelopes containing the copies of the waiver requests, FAC, and summons that were mailed on or about March 6, 2023, and received by the Office of Legal Affairs, were addressed to "Kathleen Walton, Deputy Attorney General" and "CDCR Counsel Jennifer Neill of CDCR Office of Legal Affairs," respectively. The record is lacking regarding how Plaintiff addressed the envelopes served on the prison litigation coordinator on February 13, mailed to the warden on February 14, or mailed by Mr. Webb through CDCR interdepartment mail "to all defendants" on February 16. *See* ECF No. 37 ¶¶ 1-6; ECF No. 52-1. However, even if the envelopes provided to the prison litigation coordinator were not addressed to the individual defendants—which is not clear—the copies of the actual waiver requests show that each request is addressed to the individual defendants at the top of each form. Therefore, the Court finds that the numerous packages of waiver requests and copies of the FAC and summons that Plaintiff served on the RJD litigation coordinator and later mailed on multiple occasions were sufficient to give notice of the action, the consequences of waiving or not waiving service, and a reasonable date by which to return the waiver request to the individual defendants.

The Court further finds that Defendants did not timely waive service. Plaintiff gave Defendants a reasonable time of 30 days to do so. Even if the Court accepted that service

on the individual Defendants was not effective until the Office of Legal Affairs received confirmation from Mr. McSee that he was accepting service on their behalf on March 30, 2023, Defendants still failed to timely return signed waiver requests to Plaintiff. Although Defendants returned signed waiver requests to the United States Marshal Service on or about April 5, 2023, since Plaintiff is not proceeding IFP in this action, Plaintiff was the proper person on whom to serve the signed waiver requests. Indeed, the U.S. Marshal Service did not return the signed waivers to the Court for filing until April 17, 2023, possibly due to the confusion caused by Plaintiff's lack of IFP status and the Marshal Service's lack of involvement in effecting service. "Although Rule 4 does not define 'return,' the waiver apparently must be *received by plaintiff* by the date specified." *Schmitman v. Hager*, No. CV 17-5695-GW(JCX), 2017 WL 10378498, at *2–3 (C.D. Cal. Nov. 27, 2017) (quoting Federal Practice Guide § 5:129) (emphasis in original). To date, Plaintiff has never received the signed waivers from Defendants, since they were provided to the U.S. Marshal Service. Once they were received by the Court, it is possible that copies were forwarded to Plaintiff by the Clerk's Office, but even so, Plaintiff would not have received copies of the signed waivers until far later than the date specified on the waiver requests she served on the prison litigation coordinator on February 13.

      The Court recognizes that requiring a *pro se* prisoner plaintiff to effect service on her own behalf is atypical, and it is thus understandable that the relevant institutional actors involved may have believed Plaintiff's efforts at service did not require acknowledgment or response. However, the atypical nature of this prisoner litigation does not constitute good cause for Defendants to have ignored Plaintiff's lawsuit until the Office of Legal Affairs forwarded the waiver requests to the litigation coordinator. Plaintiff, left in the dark about the status of her many service attempts by mail and by service on the prison litigation coordinator, was entitled to begin effecting personal service on Defendants after the 30 days specified in the initial waiver requests passed. *See AIRFX.com v. AirFX LLC*, No. CV 11-01064-PHX-FJM, 2011 WL 5007919, at *5 (D. Ariz. Oct. 20, 2011) (imposing service costs on defendants who returned signed waivers four days after personal service had been

effected, where the plaintiff never specified a return date on the waiver requests and waited 37 days before serving the defendants, and explaining: "Rule 4(d)(1)(F) demands that plaintiffs 'give' the defendant at least 30 days after the request was sent to return the waiver. This is exactly what plaintiffs did in this case. . . . All that was required was that plaintiffs wait at least thirty days prior to initiating service.").

Accordingly, pursuant to Fed. R. Civ. P. 4(d)(2), the Court finds that Plaintiff is entitled to be reimbursed for the costs she incurred in effecting personal service on Defendants Cowart, Banuelos, and A. Ramos. Defendants are **ORDERED** to reimburse Plaintiff for the costs of personal service she later incurred, in the amount of **$155.00**, no later than **July 21, 2023**.

### IV. CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Have Defendants Bear Cost of Service, for Failure to Waive Service Under F.R.C.P. Rule 4 (ECF No. 32) is **GRANTED**. Defendants are **ORDERED** to pay Plaintiff the amount of **$155.00** no later than **July 21, 2023**.

**IT IS SO ORDERED.**

Dated:  July 6, 2023

Honorable Allison H. Goddard
United States Magistrate Judge