UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MONA SALCIDA MURILLO,

Plaintiff,

v.

A. RAMOS, Correctional Officer; URBANO, Correctional Officer; COWART, Correctional Sergeant ADA; BANUELOS, Correctional Sergeant EOP/ADA; WARDEN, Richard J. Donovan Correctional Facility, CDCR; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

Defendant.

Case No.: 22-CV-548 TWR (AHG)

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, (2) DENYING PLAINTIFF'S MOTION FOR EMERGENCY PROTECTIVE ORDER AGAINST DEFENDANTS AND SPECIFIC RJD STAFF, AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR BRIEFING SCHEDULE**

(ECF Nos. 71, 83, 85)

Presently before the Court are Plaintiff Mona Salcida Murillo's Motions for (1) De Novo Review and/or Reconsideration of Plaintiff's Motion for Recruitment/Appointment of Pro Bono Publico ("Mot. for Reconsideration," ECF No. 71); (2) Emergency Protective Order Against Defendants and Specific RJD Staff ("Mot. for Prelim. Inj.," ECF No. 83), which the Court construes as a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a); and (3) Briefing Schedule ("Mot. for Briefing Schedule,"

ECF No. 85[1]) (all together, "Pl.'s Mots."), as well as Defendants' Responses in Opposition to Plaintiff's Motions for Reconsideration ("Reconsideration Opp'n," ECF No. 73) and a Preliminary Injunction ("Prelim. Inj. Opp'n," ECF No. 87).[2] The Court addresses each of Plaintiff's Motions in turn.

**MOTION FOR RECONSIDERATION**

The Court previously construed Plaintiff's Motion for Reconsideration of the Honorable Allison H. Goddard's May 18, 2023 Order on Motion to Appoint Counsel (ECF No. 58, the "Underlying Order") as an objection under Federal Rule of Civil Procedure 72(a). (*See* ECF No. 72.) "A party may serve and file objections to [a magistrate judge's non-dispositive pretrial order] within 14 days after being served with a copy." *See* Fed. R. Civ. P. 72(a). "The magistrate judge's order will be upheld unless it is 'clearly erroneous or contrary to law.'" *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199 (S.D. Cal. 2003) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "The 'clearly erroneous' standard applies to the magistrate judge's factual determination and discretionary orders and will be overturned 'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* at 199–200 (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). "This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters." *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D.

---

[1] In ECF No. 85, Plaintiff also requests "Date Setting for the Early Neutral Evaluation Settlement Conference [ENE]." Because the Honorable Steve B. Chu will preside over the ENE, the undersigned addresses in this Order only Plaintiff's request for a briefing schedule for her Motion for Preliminary Injunction.

[2] The Court notes that there are several other motions pending before the undersigned and Judge Chu—including Defendants' Motion to Dismiss for Failure to State a Claim and for Partial Dismissal of Plaintiff's Second Amended Complaint (ECF No. 68), Plaintiff's Motion for Briefing Schedule for Early Neutral Evaluation Conference (ECF No. 74), Plaintiff's Motion for Judicial Notice in Support of the Opposition to the Motion to Dismiss (ECF No. 79), and Defendants' Objection Pursuant to Federal Rule of Civil Procedure 72(a) re Order on Motion for Order for Defendants to Bear Costs of Personal Service (ECF No. 82)—that are not addressed in the instant Order.

Or. 2009) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002)), *aff'd*, 404 Fed. App'x 249 (9th Cir. 2010). "The 'contrary to law' standard, however, permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (quoting *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)) (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)); *see also Computer Economics*, 50 F. Supp. 2d at 983 ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law." (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992))). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3069 (3d ed. Apr. 2021).

Judge Goddard denied Plaintiff's Motion for Appointment of Counsel on the grounds that Plaintiff had (1) "fail[ed] to demonstrate that she ha[d] made any reasonably diligent effort to obtain counsel[,]" (*see* Underlying Order at 3; *see also id.* at 5); and (2) "not established that 'exceptional circumstances' exist to warrant appointment of counsel." (*See id.* at 4.) With respect to the latter finding, Judge Goddard's conclusion was based on the following findings: (1) "Plaintiff has demonstrated from the outset of the case that she can ably articulate her claims[,]" (*see id.*); (2) "Plaintiff's prolific filings beyond her pleadings also demonstrate that she is a capable advocate for herself[,]" (*see id.*); (3) "th[is] case is still in the early pleading stages," (*see id.* at 5); (4) "th[is] case is in too early a stage of litigation to properly evaluate" "the likelihood of Plaintiff's success on the merits[,]" (*see id.* at 6); (5) "Plaintiff may use any of the[ prescribed] avenues of discovery to seek information from Defendants, with or without an attorney[,]" (*see id.* at 7); and (6) "if, as she fears, Plaintiff faces retaliation or stonewalling in response to discovery requests, she may file appropriate motions to compel and for sanctions with the Court at that time[.]" (*See id.*)

Plaintiff first contends that Judge Goddard "applied the incorrect standard and/or analysis" because "[t]he question or analysis is 'does the case have merit' and the answer

here is yes." (*See* Mot. for Reconsideration at 1–2.) As Defendants note, (*see* Reconsideration Opp'n at 2), Plaintiff is mistaken—Judge Goddard applied the correct legal standard, as articulated on page 2 of her Underlying Order. (*See generally* Underlying Order at 2.)

Plaintiff next disagrees with Judge Goddard's conclusion that Plaintiff "fail[ed] to demonstrate that she ha[d] made any reasonably diligent effort to obtain counsel." (*See* Mot. for Reconsideration at 2.) Although Plaintiff includes additional details regarding her attempts to obtain counsel in her Motion for Reconsideration, (*see id.*), she informed Judge Goddard only that she was "unable to afford or secure counsel." (*See* ECF No. 49 at 1.) Based on the record before her, Judge Goddard did not clearly err in concluding that Plaintiff had failed to demonstrate that she had made reasonably diligent efforts to obtain counsel.

Plaintiff also contends that Judge Goddard's decision is "unrealistic" because "2.5 hours a month is not adequate time to do research, get copies, take notes." (*See* Mot. for Reconsideration 3.) But "[t]his Court is faced with similar cases filed by prisoners with limited legal knowledge and limited access to their institution's law library who are proceeding *pro se* almost daily[,]" and "[t]hese prisoners also must conduct legal research and prosecute claims without the assistance of counsel." *See Allen v. Arias*, No. 1:22-CV-01502-ADABAMPC, 2023 WL 3456883, at *1 (E.D. Cal. May 15, 2023). "Although Plaintiff may be limited in h[er] access to the law library, if [s]he needs additional time to meet the Court's deadlines[, s]he may seek an extension of time." *See id.* The Court therefore concludes that Judge Goddard did not clearly err in concluding that Plaintiff failed to establish extraordinary circumstances based on her limited access to RJD's law library.

Plaintiff disagrees with Judge Goddard's conclusion that "Plaintiff may use any of the[ articulated] avenues of discovery to seek information from Defendants, with or without an attorney." (*See* Mot. for Reconsideration at 3.) Plaintiff argues that she cannot "effectively and successfully obtain discovery" because she "does not have access to a

computer, a direct phone or internet access" and "cannot conduct depositions of CDCR staff, defendants or inmate witnesses." (*See id.*) Again, these challenges are not unique to Plaintiff, *see, e.g.*, *Allen*, 2023 WL 3456883, at *1, and, indeed, "any pro se litigant certainly would be better served with the assistance of counsel." *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998). Whether Plaintiff could "fare[] better," however, "is not the test." *See id.* Instead, Plaintiff "must show that because of the complexity of the claims [s]he [i]s unable to articulate h[er] positions." *See id.* Judge Goddard did not clearly err in concluding that Plaintiff failed to make that showing in requesting appointment of counsel.

Finally, Plaintiff alleges that Judge Goddard "is incorrect, th[e] issue [of summary judgment] is not premature." (*See* Mot. for Reconsideration at 6.) Again, the Court cannot conclude that Judge Goddard clearly erred in this respect—Judge Goddard is correct that "[t]his case is still in its very early stages." (*See* Underlying Order at 7.) In any event, Judge Goddard made clear that "Plaintiff is not foreclosed from raising this argument again in the future if the case proceeds to the summary judgment stage and Plaintiff believes expert testimony is necessary to oppose such motion." (*See id.* at 7–8.)

Ultimately, the Court concludes that Judge Goddard did not clearly err or rule contrary to the law in concluding that Plaintiff had failed to establish "extraordinary circumstances" such that she is entitled to appointment of pro bono counsel at this early stage in this action, particularly given that Plaintiff has shown herself capable of articulating her claims in light of the complexity of the legal issues involved. The Court therefore **DENIES** Plaintiff's Motion for Reconsideration. As noted by Judge Goddard, however, the denial of Plaintiff's request for appointment of counsel was without prejudice, meaning Plaintiff is free to file a renewed motion for appointment of counsel at a later date, if appropriate. (*See* Underlying Order at 7–8 & n.2.)

/ / /

/ / /

## MOTION FOR PRELIMINARY INJUNCTION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 65(a), a trial judge may grant a preliminary injunction "to preserve the status quo and the rights of the parties until a final judgment issues in the cause." *See Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020) (quoting *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010)). "A preliminary injunction . . . is not a preliminary adjudication on the merits[,] but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Id.* (alteration in original) (quoting *Sierra On-Line, Inc. v. Phx. Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). In the context of a preliminary injunction, the status quo "refers not simply to any situation before the filing of a lawsuit, but instead to 'the last uncontested status which preceded the pending controversy[.]'" *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)).

"A party seeking a preliminary injunction must meet one of two variants of the same standard." *Ramos*, 975 F.3d at 887 (quoting *All. for Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017)).

> Under the original standard, plaintiffs seeking a preliminary injunction must establish that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest.

*Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The Ninth Circuit employs an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard." *Id.* (citing *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011)).

> Under this alternate standard, [the court] weigh[s] the preliminary injunction factors on a sliding scale, such that where there are only serious questions going to the merits—that is, less than a likelihood of success on the merits—a preliminary injunction may still issue so long as the balance of hardships tips sharply in the plaintiff's favor and the other two factors are satisfied.

*Id.* at 887–88 (internal quotation marks omitted) (quoting *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018)). In other words, "[a] preliminary injunction may be granted . . . where the moving party demonstrates either '(1) a combination of probable success on the merits *and* the possibility of irreparable injury *or* (2) the existence of serious questions going to the merits *and* that the balance of hardships tips sharply in [its] favor.'" *Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007) (emphasis and second alteration in original) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985)).

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Consequently, "[t]he court may issue a preliminary injunction only on notice to the adverse party[,]" *see* Fed. R. Civ. P. 65(a)(1), and "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." *See* Fed. R. Civ. P. 65(c). "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

"The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials." *Newsome v. Loterzstain*, No. 219CV00307JAMJDPPC, 2021 WL 2253882, at *1 (E.D. Cal. June 3), *report and recommendation adopted*, 2021 WL 2853298 (E.D. Cal. July 8, 2021). "In such cases, '[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.'" *Id.* (alteration in original) (quoting 18 U.S.C. § 3626(a)(2)). "As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and 'operates simultaneously to restrict the equity jurisdiction of federal courts and to

protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum.'" *Id.* (quoting *Gilmore v. People of the State of California*, 220 F.3d 987, 998–99 (9th Cir. 2000)).

Whether to "grant . . . a preliminary injunction is a matter committed to the discretion of the trial judge[,]" and that decision will be "reverse[d] only if that discretion is abused or the decision is based on an erroneous legal standard or clearly erroneous findings of fact." *See Sierra On-Line*, 739 F.2d at 1421.

**II. Analysis**

Through her Motion for a Preliminary Injunction, "Plaintiff seek[s] a Protective Order against Banuelos, Sgt. Salazar, C/o Valdez, C/O Alvarraz, [and] C/O Lopez, that they be order[ed] not to directly search Plaintiff['s] cell, legal work, and any and all contact be video tape[d] with body-cam audio capabilities and that th[ese] individuals['] faces be also recorded to prevent the mouthing of threats." (*See* Mot. for Prelim. Inj. at 4.) Specifically, Plaintiff asks for the following:

> 1) When Plaintiff['s] cell[ or] legal work is search[ed], that a Lie[u]tenant be present and that a video recorded be utilize[d] to document the entire cell search and that Deputy Att. General Anne M. Kammer be notif[ied] [within] 24 hour[s] by the Prison Litigation Office, and the video recording and copy of the cell search receipt by logged with the Court.
>
> 2) That Banuelos, Sgt. Salazar, C/O Valdez (3rd watch, Bldg 15) and C/O Alvarez, be restricted from cell searching Plaintiff['s] cell and legal material[s].
>
> 3) That Raymond Madden—Warden personally check weekly with Plaintiff, that she is not being retaliated [against], intimidated, nor [are] her witness[es] for this case—specifically, John Salcida F04429, Jerome Webb K26616, [and] William Hearn AR7111.
>
> 4) That any RVR-violation write-ups or Ad-Seg placement for Plaintiff or her witnesses be review[ed] by Raymond Madden directly, then logged by counsel Anne Kammer with this Court.

(*See id.* at 4–5.)

Defendants contend that Plaintiff's Motion for a Preliminary Injunction must be denied for several reasons, including (1) "the Court lacks jurisdiction over third-party correctional staff," (*see* Prelim. Inj. Opp'n at 4 (citing Fed. R. Civ. P. 65(d)(2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727–28 (9th Cir. 1983))); (2) Plaintiff "is not entitled to an injunction based on claims not pleaded in the operative complaint[,]" (*see id.* (citing *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015))); (3) Plaintiff failed to exhaust her administrative remedies under 42 U.S.C. § 1997e(a), (*see* Prelim. Inj. Opp'n at 4–5); and (4) Plaintiff's requested relief is not narrowly tailored as required by 18 U.S.C. § 3626(a)(1)(A). (*See* Prelim. Inj. Opp'n at 5.) Defendants also note that defense counsel is "currently scheduled to meet again in person at RJD on July 27, 2023[,]" and "suggest, in lieu of court intervention, the parties be permitted to continue their efforts to informally resolve issues or disputes as they arise." (*See id.* at 5–6.)

Among other things, Defendants are correct that "[a] motion for preliminary injunction must relate to the allegations in the complaint." *See Newsome*, 2021 WL 2253882, at *2 (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Pac. Radiation*, 810 F.3d at 633). Plaintiff's Motion for Preliminary Injunction seeks relief for acts of retaliation from June and July of 2023 stemming from the filing of this action, (*see generally* Mot. for Prelim. Inj. at 1–5), whereas Plaintiff's operative Second Amended Complaint asserts the following causes of action: (1) "Violation of both state and federal 1st Amendment and of 8th Amendment" for "retaliat[ion] against Plaintiff for exercising her freedom of speech and for gender identity by using unnecessary excessive force and denying medical care" on February 12, 2022, (*see* ECF No. 57 ("SAC") at 2–4); (2) "Violation of both state and federal 1st Amendment and 8th Amendment" for "right to be free from the use of force and retaliation for exercising a protected 1st Amendment right and right to medical care" related to the incident on February 12, 2022, (*see id.* at 4); (3) "Violation of the 8th Amendment right to medical care and treatment and violation of

the American[s] with Disabilit[ies] Act, Title II, Section 504[,] and [the] Rehabilitation Act of 1982." (*See* SAC at 5–7.)

Because the relief Plaintiff seeks through her Motion for Preliminary Injunction does not relate to the relief sought in her operative Second Amended Complaint, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction. *See, e.g.*, *Newsome*, 2021 WL 2253882, at *2 (recommending that district judge deny motion for preliminary injunction seeking to enjoin alleged acts of retaliation by non-party prison officials from 2020 when complaint alleged retaliatory transfer for filing of grievances and deliberate indifference to serious medical needs from 2017); *Nance v. Miser*, No. CV-12-0734-PHX-RCB, 2013 WL 6563663, at *2 (D. Ariz. Dec. 13, 2013) (denying request for preliminary injunctive relief where the request was "completely unrelated to the relief sought in the [first amended complaint]"); *Wade v. Fresno Police Dep't*, No. 1:09CV0599 AWI DLB, 2010 WL 4006688, at *2 (E.D. Cal. Oct. 12) ("The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting nonparties from retaliating against him for filing this lawsuit."), *report and recommendation adopted*, 2010 WL 5168988 (E.D. Cal. Dec. 14, 2010).

## MOTION FOR BRIEFING SCHEDULE

In her Motion for Briefing Schedule, Plaintiff requests "that a ruling or briefing schedule be set for the Plaintiff's Motion for Protective Order." (*See* Mot. for Briefing Schedule at 2.) Because the Court has ruled on Plaintiff's Motion for Preliminary Injunction, *see supra* at pages 6–10, the Court **DENIES AS MOOT** Plaintiff's Motion for Briefing Schedule.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 71), **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Preliminary

/ / /

/ / /

/ / /

Injunction (ECF No. 83), and **DENIES AS MOOT** Plaintiff's Motion for Briefing Schedule (ECF No. 85).

**IT IS SO ORDERED.**

Dated: July 24, 2023

Honorable Todd W. Robinson
United States District Judge