UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA SALCIDA MURILLO,<br><br>                                Plaintiff,<br><br>v.<br><br>A. RAMOS, *et al.*,<br><br>                                Defendants. | Case No.: 22cv0548-TWR-SBC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO DEEM DEFENDANTS' MOTION TO DISMISS WAIVED DUE TO UNTIMELINESS**<br><br>[ECF Nos. 69; 78] |

This matter comes before the Court on (1) Plaintiff's Notice to the Court of Defendants Not Filing a Timely Response to the Second Amended Complaint in Violation of F.R.C.P. Rule 15(a)(3) (ECF No. 69) and (2) Plaintiff's Notice to the Court of Defendants' Continual Failure to Respond to the Second Amended Complaint Such Be Deemed Waived (ECF No. 78), which the Court construes as motions to strike Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

Rule 15 provides that any response to an amended pleading "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Plaintiff's Second Amended Complaint ("SAC") in this action was mailed on May 10, 2023, received by the Court on May 15, 2023, and filed on the docket on May 17,

2023. (ECF No. 57.) Plaintiff also attached a Proof of Service to the SAC, showing that it was mailed to defense counsel on May 10, 2023. (*Id.* at 9.) Therefore, pursuant to Rule 5 of the Federal Rules, service of the SAC on Defendants was deemed complete on May 10, 2023. Fed. R. Civ. P. 5(b)(2)(C). Defendants—who had previously moved to dismiss the First Amended Complaint ("FAC") on May 5, 2023—did not file a Motion to Dismiss the SAC until June 7, 2023, more than 14 days after the SAC was served. (ECF No. 68.) Accordingly, Plaintiff requests that the Court deem the defenses raised in the Motion to Dismiss waived and that Defendants be "only allowed to file a[n] Answer." (ECF No. 78; *See also* ECF No. 69 at 1 (Plaintiff requesting on June 1, 2023, prior to the filing of the Motion to Dismiss, that the Court order Defendants to file a response "or it be deemed waived").

Upon due consideration, Plaintiff's requests to deem waived the defenses raised in Defendants' Motion to Dismiss, as stated in her Notices to the Court (ECF Nos. 69; 78) are **DENIED**.

As an initial matter, Defendants' Motion to Dismiss the FAC (ECF No. 46) was not denied by the Court as moot until May 24, 2023. (ECF No. 64.) In that Order, the Court required Defendants to respond to Plaintiff's operative SAC "in accordance with Federal Rule of Civil Procedure 12(a)(4)(A)." (*Id.* at 2.) Thus, Defendants could reasonably have understood their deadline to respond to the SAC to be 14 days after the Court's May 24, 2023, Order denying their Motion to Dismiss the FAC as moot, or June 7, 2023, which is when the Motion to Dismiss the SAC was filed. Therefore, the Court is not persuaded in the first instance that Defendants' Motion to Dismiss is untimely.

More importantly, Defendants' Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 68.) Pursuant to Rule 12(h), 12(b)(6) defenses are not waived even if a defendant fails to bring them in a motion to dismiss altogether. Rather, a defense that the plaintiff has failed to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings pursuant to Rule 12(c), or even at trial. Fed. R. Civ. P. 12(h)(1)-(2). *See In re Apple iPhone Antitrust Litig.*,

846 F.3d 313, 317–18 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019) ("A defendant who omits a defense under Rules 12(b)(2)–(5)—lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process—entirely waives that defense. Fed. R. Civ. P. 12(h)(1)(A). A defendant who omits a defense under Rule 12(b)(6)—failure to state a claim upon which relief can be granted—does not waive that defense.") For that reason, the Ninth Circuit has explained that "[d]enying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2)"—that is, raising the defense in an answer, in a motion for judgment on the pleadings, or at trial—"can produce unnecessary and costly delays, contrary to the direction of Rule 1" of the Federal Rules. (*Id.* at 318.) Rule 1, in turn, states that the Federal Rules must "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Based on this rationale, the Court finds that, assuming without deciding that Defendants' Motion to Dismiss the SAC was untimely filed, it would be inefficient and would produce unnecessary and costly delays to require Defendants to raise their 12(b)(6) defenses through a motion for judgment on the pleadings instead of a motion to dismiss. And in any event, Plaintiff's requests that the 12(b)(6) defenses be deemed waived, and that Defendants be required to file an answer, find no support in the Federal Rules.

Accordingly, Plaintiff's requests to deem Defendants' 12(b)(6) defenses waived (ECF Nos. 69; 78), which the Court construes as motions to strike the Motion to Dismiss, are **DENIED**.

**IT IS SO ORDERED.**

Dated:   July 27, 2023

Hon. Steve B. Chu
United States Magistrate Judge